UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SOUTH AFRICAN APARTHEID LITIGATION | MDL No. 1499 (SAS)<br>ECF Case |
| THIS DOCUMENT RELATES TO: | |
| LUNGISILE NTSEBEZA, ET AL.,<br><br>            PLAINTIFFS,<br>    V.<br><br>DAIMLER AG, ET AL.,<br><br>            DEFENDANTS. | 02 Civ. 4712 (SAS)<br>02 Civ. 6218 (SAS)<br>03 Civ. 1024 (SAS) |
| KHULUMANI, ET AL.,<br><br>            PLAINTIFFS,<br>    V.<br><br>BARCLAYS NATIONAL BANK, ET AL.,<br><br>            DEFENDANTS. | 03 Civ. 4524 (SAS) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
TO CERTIFY THE COURT'S APRIL 8, 2009 ORDER
FOR INTERLOCUTORY APPEAL**

On December 18, 2009, the United States Court of Appeals for the Second Circuit issued an order remanding this case to this Court for the specific and limited purpose of allowing defendants Daimler AG, Ford Motor Company, and International Business Machines Corporation to request that this Court certify for immediate appeal to the Second Circuit, under 28 U.S.C. § 1292(b), the question whether liability under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, extends to corporations. The Court of Appeals issued that order in response to defendants' argument that the criteria for certification of the corporate liability issue for interlocutory appeal are now satisfied, *see* 28 U.S.C. § 1292(b), and that the Court of Appeals therefore should consider remanding the case for the limited purpose of enabling defendants to seek such certification. Defendants hereby make that request.

## BACKGROUND

On April 8, 2009, this Court issued an Order granting in part and denying in part defendants' motion to dismiss plaintiffs' complaints. *In re South African Apartheid Litig.*, 617 F. Supp. 2d 228 (S.D.N.Y. 2009). As one basis for dismissal, defendants argued that the ATS does not extend liability to corporations. *See* Def. Mem. at 40-42 (filed Dec. 8, 2008). This Court denied dismissal on that ground. It observed that the Second Circuit had previously considered ATS cases against corporations, and it held that, "[r]egardless of the position that this Court might take if the issue of corporate liability were unresolved, this Court is bound by the decisions of the Second Circuit." 617 F. Supp. 2d at 255. This Court further observed that, "[n]otably, the Second Circuit requested additional briefing on this precise question during oral argument in [*Presbyterian Church of Sudan v. Talisman Energy, Inc*]," and explained that, if the

Second Circuit ruled that there is no liability for corporations under the ATS, "it is likely that this case will be dismissed." *Id.* at 255 n.127 (citation omitted).

On April 22, 2009, defendants moved this Court to certify its April 8 Order for interlocutory appeal on other issues. *See* No. 02-cv-04712-SAS Dkt. # 96; Dec. 18 Order, at 1. This Court denied defendants' motion for certification of these other issues in an Order of May 27, 2009. *See In re South African Apartheid Litig.*, 624 F. Supp. 2d 336 (S.D.N.Y. 2009). Defendants filed a notice of appeal on June 25, 2009, indicating their intent to appeal this Court's April 8 Order pursuant to 28 U.S.C. § 1291. The Second Circuit stayed all proceedings in this Court pending appeal on September 10, 2009. *See* Orders of Aug. 6, 2009; Sept. 10, 2009. The Court of Appeals also granted defendants' motion to expedite the appeal. Pursuant to that expedited schedule, oral argument before the Court of Appeals has been set for January 11, 2010.

On October 2, 2009, the Court of Appeals issued its decision in *Presybterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244 (2d Cir. 2009). In that decision, the Court expressly declined to resolve the question whether the ATS encompasses corporate liability. The Court stated: "Because we hold that plaintiffs' claims fail on other grounds, we need not reach, in this action, the question of 'whether international law extends the scope of liability' to corporations." *Id.* at 261 n.12 (quoting *Sosa v. Alvarez-Machain*, 542 U.S. 692, 732 n.20 (2004)).

Defendants-appellants' opening brief in the Court of Appeals argued, *inter alia*, that the ATS does not encompass corporate liability. *See* Br. of Appellants at 57-59 (filed Aug. 13, 2009); *see also* Br. of Plaintiffs-Appellees at 51-56 (filed Oct. 14, 2009) (arguing that corporations could be liable under the ATS); Reply Br. of Appellants at 20-

2

23 (filed Oct. 28, 2009) (replying to plaintiffs' arguments).  On December 4, 2009, the Court of Appeals, noting that *Talisman* had left the issue of corporate liability unresolved, issued an order in this case requesting that the parties and interested *amici* submit additional briefing on the following question:  "Inasmuch as the Alien Tort Statute ("ATS") has been construed to create a civil remedy for *criminal acts* 'committed in violation of the law of nations or a treaty,' 28 U.S.C. § 1350, does international law extend the scope of liability to corporations?"  *See* Order of December 4, 2009, at 1 (attached as Exhibit A to Srinivasan Declaration).  The Order from the Court of Appeals stated:  "Although we recognize that, in the past, we have assumed that corporations may be liable for violations of customary international law, the issue has never been decided by our court."  *Id.* at 1-2 (citations omitted).

On December 14, 2009, defendants-appellants submitted a letter to the Court of Appeals explaining that, in light of that Court's December 4 Order and the "non-resolution of the corporate liability question in *Talisman*," the requirements for interlocutory appeal of that issue under 28 U.S.C. § 1292(b) are now satisfied.  *See* Letter of Dec. 14, 2009 (attached as Exhibit B to Srinivasan Declaration).  The letter explained that the Second Circuit's request for further briefing on the issue and the court's express recognition that the issue "has never been decided by our court," establishes that, at the least, "there is substantial ground for difference of opinion" on the issue.  28 U.S.C. § 1292(b).  The letter further explained that resolving the corporate liability question "may materially advance the ultimate termination of the litigation," *id.*, because, if the Court of Appeals were to hold that corporate liability is unavailable under the ATS, the complaints must be dismissed.  The letter noted that, while defendants-appellants fully believe the

3

Court of Appeals has collateral-order jurisdiction under 28 U.S.C. § 1291, certification under § 1292(b) would remove any doubt and assure that the Court of Appeals could resolve the question of corporate liability. Accordingly, defendants-appellants' letter suggested that the Court of Appeals might wish to consider remanding to this Court for the limited purpose of allowing it to certify the question of corporate liability for interlocutory appeal under § 1292(b).

On December 18, 2009, the Court of Appeals granted defendants-appellants' "request that the Court remand this case to the District Court to permit them to move, pursuant to 28 U.S.C. § 1292(b), for certification of an interlocutory appeal of the District Court's April 8, 2009 order." Dec. 18 Order, at 1 (attached as Exhibit C to Srinivasan Declaration). The Court of Appeals noted that "[i]n light of *Presbyterian Church*, defendants seek certification of the question 'whether international law extends the scope of liability to corporations' under the Alien Tort Statute." *Id.* at 2 (quoting *Presbyterian Church*, 582 F.3d at 261 n.12 (quoting *Sosa*, 542 U.S. at 732 n.20)). The Court granted defendants' request for a limited remand "[w]ithout intimating any view on whether such certification is necessary for our jurisdiction over the pending appeal." Dec. 18 Order, at 2. The Court's "remand is for the sole purpose of permitting defendants to move to certify an interlocutory appeal, and subject to defendants making such a motion no later than December 23, 2009." *Id.* The Court of Appeals also modified the stay it had entered on September 10, 2009, "to permit defendants to move for certification and to permit plaintiffs to respond to any such motion." *Id.* The Court of Appeals specified that the "panel retains the assignment of all other aspects of this appeal," that "the mandate

4

will not issue," and that oral "argument will proceed as scheduled on January 11, 2010." *Id.*

## ARGUMENT

Pursuant to the Second Circuit's limited remand, and in light of the fact that *Talisman* left the issue unresolved, defendants timely move this Court to certify the following question decided in its April 8, 2009 Order: "whether international law extends the scope of liability to corporations under the Alien Tort Statute." Dec. 18 Order, at 2 (internal quotation marks omitted). Certification for interlocutory appeal pursuant to § 1292(b) is appropriate where (1) the order to be appealed involves a controlling question of law, (2) there is a substantial ground for difference of opinion, and (3) immediate appeal would materially advance the ultimate termination of the litigation. 28 U.S.C § 1292(b). This case readily satisfies the requirements of § 1292(b).

*First*, the question whether corporate liability exists under the ATS is "controlling" because its resolution in defendants' favor would immediately end the litigation. All of the defendants in this litigation are corporations. If the ATS does not extend liability to corporations, these actions must be dismissed. This Court recognized as much in its April 8, 2009, Order, observing that "it is likely that this case [would] be dismissed" if the Court of Appeals determined (in *Talisman*) that "corporations are immune from liability under customary international law." 617 F. Supp. 2d at 255 n.127 (citation omitted).

*Second*, the Court of Appeals' decision in *Talisman* and its December 4 Order in this case establishes that, at the least, "there is substantial ground for difference of opinion" over whether the ATS allows for corporate liability. 28 U.S.C. § 1292(b).

*Talisman* expressly left the issue open, and the Second Circuit's December 4 Order stated that the corporate liability question "has never been decided by our court" and asked for further briefing from both sides and any interested *amici*, confirming that the question is an open one. Dec. 4 Order, at 2. The briefing on this issue in the Court of Appeals further reinforces that there is at least substantial ground for difference of opinion on the issue. In addition to the supplemental brief filed by Defendants-Appellants, (attached as Exhibit D to Srinivasan Declaration), multiple different sets of *amici curiae* filed briefs in support of Defendants-Appellants arguing that the ATS does not extend liability to corporations. *See also Khulumani v. Barclay Nat. Bank Ltd.*, 504 F.3d 254, 321-26 (2d Cir. 2007) (Korman, J., concurring in part and dissenting in part) ("The sources evidencing the relevant norms of international law at issue plainly do not recognize [corporate] liability.").

*Third*, resolving the corporate liability question "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As explained, if the Court of Appeals holds that corporate liability is unavailable under the ATS, the complaints must be dismissed. If there is no corporate liability under the ATS, it would be a tremendous waste of resources for the parties and this Court to take this case to a final judgment. Moreover, because the Court of Appeals presently has before it a number of questions concerning the application of the ATS in this case—including the corporate liability issue—and a stay of proceedings is in effect in this Court, certifying the question of corporate liability for interlocutory appeal could not create any delay in the proceedings. *Cf. In re South African Apartheid Litig.*, 624 F. Supp. 2d at 342 (denying certification of issues for appeal in part to avoid delay in discovery). The corporate

6

liability issue (and other issues concerning the application of the ATS) have been fully briefed in the Court of Appeals and will be argued on January 11, 2010, and certification of the corporate liability issue for interlocutory appeal therefore would not give rise to any need for additional briefing or oral argument.[1]

While the statutory criteria for § 1292(b) certification therefore are satisfied, plaintiffs have suggested that certification is unwarranted because defendants did not seek certification on corporate liability when they moved for certification on other grounds. Plaintiffs' Motion for Reconsideration of Dec. 18 Order, at 5-6 (filed Dec. 21, 2009). But § 1292(b) in no way estops a party from moving for certification on different grounds than ones for which certification was previously sought and denied. Indeed, the Court of Appeals expressly recognized that defendants' "original motion to certify . . . did not seek certification on the issue of corporate liability under the Alien Tort Statute," Dec. 18 Order, at 2, but the Court still remanded for the purpose of enabling defendants to seek certification on that issue. Moreover, at the time defendants sought certification on other issues, this Court believed that the issue of corporate liability was "a long-settled question in this Circuit." 617 F. Supp. 2d at 254. It thus could not have ruled that there was "a substantial ground for difference of opinion" on the question. 28 U.S.C. § 1292(b). And with the issue of corporate liability already pending in *Talisman*, there

---

[1] Certification would also materially advance the litigation by providing an alternative basis for the Court of Appeals' jurisdiction, thus alleviating that Court's need to resolve whether it possesses jurisdiction to address the corporate liability issue under § 1291. *See* 16 Charles A. Wright et al., *Federal Practice & Procedure* § 3929.1 (explaining that certification under § 1292(b) may be used "to bolster the opportunity for appeal when it is not clear whether final-judgment appeal is available"); *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 313 F.3d 70, 81 n.11 (2d Cir. 2002) ("Having accepted jurisdiction under 28 U.S.C. § 1292(b), we need not determine whether the collateral order doctrine provides an alternative vehicle to hear this appeal").

would have been little reason for the Court of Appeals to accept certification of the same issue in this case. Now that *Talisman* has left the issue open, and in light of the Court of Appeals' Dec. 4 order making clear the issue is unresolved, certification is warranted.

Finally, insofar as "[i]nterlocutory appeal is limited to extraordinary cases where appellate review might avoid protracted and expensive litigation," *In re South African Apartheid Litig.*, 624 F. Supp. 2d at 339 (internal quotation marks and citations omitted), this case satisfies that standard. The Second Circuit's orders establish that this is precisely the sort of "extraordinary case" for which certification under § 1292(b) is warranted. The Court of Appeals' rare exercise of a limited remand to permit this Court to consider defendants' motion for certification reinforces the Court of Appeals' interest in the corporate liability issue in the context of this litigation, as well as its interest in assuring that it possesses jurisdiction to resolve the question. If the Court of Appeals were unable to consider the corporate liability issue in an interlocutory appeal, that could give rise to "protracted and expensive litigation" before this Court. In light of the nature and scope of the allegations in the complaints in this case, discovery alone would be highly burdensome and costly for all parties. The Rule 26 disclosures exchanged by the parties indicate plaintiffs' intent to depose scores of witnesses, most of whom live in South Africa. Certification of the corporate liability question to the Second Circuit could eliminate the need for that extensive undertaking, as well as the need for proceeding with other aspects of this "protracted and expensive litigation."

## CONCLUSION

For the reasons stated above, defendants respectfully request that the Court certify its April 8 Order for immediate appellate review under 28 U.S.C. § 1292(b), to permit the

court of appeals to exercise jurisdiction under § 1292(b) over the question whether the ATS encompasses corporate liability.

December 23, 2009

Respectfully submitted,


  /s/ Sri Srinivasan
Sri Srinivasan
Justin Florence
O'MELVENY & MYERS LLP
1625 Eye Street
Washington, DC  20006
Telephone:  (202) 383-5300
Facsimile:   (202) 383-5414
Email: ssrinivasan@omm.com

*Attorneys for Ford Motor Company*


   /s/ Peter Zimroth
Peter L. Zimroth
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York  10022-4690
Telephone: (212) 715-1000
Email: Peter.Zimroth@aporter.com

*Attorneys for Daimler AG*


   /s/ Keith Hummel
Keith R. Hummel
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019-7475
Telephone:  (212) 474-1000
Facsimile:   (212) 474-3700
Email: khummel@cravath.com

*Attorneys for International Business Machines Corporation*

9