USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/26/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------- X

IN RE SOUTH AFRICAN APARTHEID LITIGATION

**ORDER**

02 MDL 1499 (SAS)

----------------------------------------------------------- X

This Document Relates to:
----------------------------------------------------------- X

LUNGISILE NTSEBEZA, *et al.*,

      Plaintiffs,

- against -

DAIMLER AG, *et al.*,

      Defendants.

02 Civ. 4712 (SAS)
02 Civ. 6218 (SAS)
03 Civ. 1024 (SAS)

----------------------------------------------------------- X

SAKEWE BALINTULO, *et al.*,

      Plaintiffs,

- against -

DAIMLER AG, *et al.*,

      Defendants.

03 Civ. 4524 (SAS)

----------------------------------------------------------- X

SHIRA A. SCHEINDLIN, U.S.D.J.:

-1-

Following the Second Circuit's November 7, 2013 order denying plaintiffs' petition for panel rehearing and rehearing en banc, the parties in this multi-district litigation have submitted a number of letters to this Court with respect to what actions, if any, should now be taken by the District Court. I will briefly summarize these submissions.

- November 13 letter from defendants IBM and Ford Motor Company ("Ford") requesting that the Court now enter judgement in favor of defendants because the relevant conduct alleged in the complaint occurred abroad, the defendants are corporations, and plaintiffs have failed to allege facts satisfying the mens rea required for aiding and abetting liability under the Alien Tort Statute, 28 U.S.C. § 1350, ("ATS").

- November 13 letter from defendant Daimler AG ("Daimler") requesting dismissal on the same grounds as those submitted by IBM and Ford and on the additional ground that Daimler is a foreign corporation sued by foreign plaintiffs for conduct that occurred abroad.

- November 14 letter from defendant Rheinmattal AG ("Rheinmatall") requesting dismissal on the same grounds as those submitted by IBM, Ford, and Daimler.[1]

- November 26 letter from the *Balintulo* and *Ntsebeza* plaintiffs opposing defendants' request for dismissal. Plaintiffs first argue that the question of whether corporations can be liable under the ATS remains an open question because the Supreme Court did not address the issue in *Kiobel v. Royal Dutch Petroleum Co.*,[2] deciding the case instead on the issue of whether the statute covers extraterritorial conduct. Plaintiffs argue that "[i]f corporate liability was an issue of subject matter jurisdiction, the Supreme Court

---

[1]   Counsel is directed to submit the November 14 letter for docketing via ECF.

[2]   133 S. Ct. 1659 (2013).

would have had to answer that predicate issue before addressing extraterritoriality. By addressing the latter issue without explicitly addressing corporate liability, the Court implicitly overruled the Second Circuit's decision that there is no corporate liability under the ATS." Plaintiffs also note that in *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,[3] a Second Circuit panel remanded the issue of corporate liability under the ATS to the District Court, notwithstanding the panel decision in *Kiobel v. Royal Dutch Petroleum Co.*,[4] the decision on which defendants rely. Plaintiffs next argue that the Second Circuit's recent decision in this case was based on the current pleading, which was drafted prior to the Supreme Court's decision in *Kiobel*. As a result, plaintiffs urge that if the Court finds that corporate liability is permitted under the ATS, they be permitted to file an amended complaint to allege additional facts that might show that some of the alleged wrongful conduct might "touch and concern" the United States with "sufficient force" to overcome the presumption against imposing liability for extraterritorial conduct. Finally, plaintiffs note that at the time this Court addressed aiding and abetting liability the Second Circuit had not yet issued its opinion clarifying that a plaintiff must prove "purpose" in order to sustain an aiding and abetting claim.[5] Now that this standard is controlling in this Circuit, plaintiffs argue that they should be permitted to brief the issue or whether their extant Complaint satisfied this standard; or, in the alternative, be permitted to file an amended complaint in order to plead facts that would satisfy this standard.

• November 27 letter from Rheinmattal in response to plaintiffs' November 26 letter arguing that (1) the *Licci* case is distinguishable from the instant case; (2) plaintiffs have not pointed to any facts that would show that the actions of Rheinmattal could possibly "touch and concern" the United States with "sufficient force" to overcome the presumption against the extraterritorial application of the ATS, particularly with respect to a foreign corporation; and (3) plaintiffs have failed to satisfy the "purpose" standard

---

[3] 732 F.3d 161 (2d Cir. 2013).

[4] 621 F.3d 111 (2d Cir. 2010).

[5] *See Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244 (2d Cir. 2010).

for aiding and abetting liability and have not pointed to any facts that show that they could meet the "purpose" standard.

Based on the arguments submitted in the letters summarized above, I conclude that it is appropriate to provide plaintiffs an opportunity to brief the issue of whether a corporation may be liable for a violation of the ATS. I reach this conclusion based on the Second Circuit's recent decision in *Licci* to refer the issue of corporate liability under the ATS to the district court, despite the Second Circuit's 2010 decision in *Kiobel*.[6] Because I also conclude that plaintiffs have failed to show that they could plausibly plead that the actions of Daimler or Rhinematall – the foreign defendants – touch and concern the United States with sufficient force to rebut the presumption against the extraterritorial reach of the ATS, these defendants are hereby DISMISSED.

If this Court determines that corporations may be liable under the ATS, the plaintiffs may move for leave to file an amended complaint against the remaining defendants. In that motion plaintiffs must make a preliminary showing that they can plausibly plead that those defendants engaged in actions that touch

---

[6] The Second Circuit's decision in *Licci* was issued on October 18, 2013, approximately two months after the Second Circuit's opinion in the instant case on August 21, 2013. The August 21 opinion did not substantively discuss corporate liability under the ATS, other than to say that the Supreme Court affirmed the Second Circuit's prior decision in *Kiobel* "on different grounds." *Balintulo v. Daimler AG*, 727 F.3d 174, 185 (2d Cir. 2013). The court could not have addressed the subsequent *Licci* opinion.

and concern the United States with sufficient force to overcome the presumption against the extraterritorial reach of the ATS, and that those defendants acted not only with knowledge but with the purpose to aid and abet the South African regime's tortious conduct as alleged in these complaints. If this Court determines that corporations cannot be held liable under the ATS, then judgment will be granted in favor of all remaining defendants.

Plaintiffs' motion and supporting papers on corporate liability under the ATS shall be served no later than January 24, 2014, defendants' response shall be served by February 14, 2014, and plaintiffs' reply shall be served by February 28, 2014.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
December 26, 2013

- Appearances -

**For Plaintiffs Ntsebeza *et al.*:**

Bruce Heller Nagel, Esq.
Jay J. Rice, Esq.
Diane E. Sammons, Esq.
Nagel Rice LLP
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 618-0400

Tyler R. Giannini, Esq.
International Human Rights Clinic
Harvard Law School
Pound Hall Room 401
1563 Massachusetts Avenue
Cambridge, Massachusetts 02138
(617) 495-9362

Linda P. Nussbaum, Esq.
Grant & Eisenhofer
485 Lexington Avenue
New York, New York, 10017
(646) 722-8504

Paul L. Hoffman, Esq.
Schonbrun DeSimone Seplow Harris
    & Hoffman
723 Ocean Front Walk
Venice, California 90291
(310) 396-0731

Judith Brown Chomsky, Esq.
Law Offices of Judith Brown
    Chomsky
Post Office Box 29726
Elkins Park, Pennsylvania 19027
(215) 782-8367

Michael F. Osborne, Esq.
56 Keerom Street
Cape Town 08001
South Africa
558-7221

**For Plaintiffs Balintulo *et al.*:**

Michael D. Hausfeld, Esq.
Hausfeld LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
(202) 579-1089

Carroll H. Ingram, Esq.
Ingram Wilkinson
P.O. Box 15039
Hattiesburg, Mississippi 39404
(601) 261-1385

**For Defendant International Business Machines Corp.:**

Keith R. Hummel, Esq.
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

**For Defendant General Motors Corp.:**

Jayant W. Tambe, Esq.
Jones Day
222 East 41st Street
New York, New York 10017
(212) 326-3939

**For Defendant Ford Motor Company:**

Jonathan Hacker, Esq.
O'Melveny & Myers LLP
1625 I Street, NW
Washington, DC 20006
(202) 383-5300

**For Defendant Rheinmatall AG:**

Robert E. Zimet, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000

**For Defendant Daimler AG:**

Stewart D. Aaron, Esq.
Arnold & Porter LLP
399 Park Ave.
New York, New York 10022
(212) 715-1114